WALLER, Justice,
for the Court:
¶ 1. This termination of parental rights case is before us on interlocutory appeal. S.L.M., by and through her foster parents, J.H. and D.H., filed this action in the Chancery Court of the First Judicial District of Hinds County for termination of the parental rights of her natural mother, K.M.K. K.M.K. subsequently filed a motion to dismiss the action, alleging that jurisdiction was improper in the Chancery Court as the County Court of Hinds County, sitting as the Youth Court, had already taken jurisdiction over the child. This appeal arises from the denial of that motion.

STATEMENT OF THE FACTS

¶ 2. S.L.M., who was born on January 4, 1995, is the natural minor child of K.M.K. On October 31, 1997, S.L.M., along with her three siblings, was removed from the home of K.M.K. following findings of abuse and neglect of the four minor children. None of the children have been returned to the care of K.M.K. The County Court of Hinds County, sitting as the Youth Court, ordered that S.L.M. be placed into the home of her current foster parents, J.H. and D.H., in December of 1997, and further provided for visitation of S.L.M. by K.M.K.
¶ 3. In July of 1998, J.H. and D.H., acting as next friends of S.L.M., filed in the Chancery Court of the First Judicial District of Hinds County a petition for termination of parental rights of K.M.K. and the putative father of S.L.M. The petition alleged that K.M.K. had been indicted for child abuse of S.L.M. and S.L.M.’s natural brother under Miss.Code Ann. § 97-5-39(2) (1994). The petition further averred that there had been a substantial erosion of the relationship between K.M.K. and S.L.M., and that K.M.K. was unable to give care and custody to S.L.M. due to drug addiction and mental illness and/or deficiencies. J.H. and D.H., acting on behalf of S.L.M., then filed an emergency motion in the chancery court seeking im *117 mediate termination of visitation by K.M.K.
¶ 4. On September 29, 1998, K.M.K. filed a motion to dismiss the petition and the emergency motion, alleging that the chancery court lacked jurisdiction over her and the subject matter of the suit. Specifically, K.M.K. alleged that the youth court had taken jurisdiction of the matter and had already entered an order granting specific visitation rights to K.M.K. Further, the motion alleged that it was only after the youth court refused to terminate visitation that K.M.K. was indicted on charges of child abuse. After yet another denial to terminate visitation by the youth court, J.H. and D.H., on behalf of S.L.M., filed the instant chancery court action. K.M.K. argued that the chancery court would violate principles of collateral estoppel and res judicata should it choose to exercise jurisdiction over the suit.
¶ 5. By order dated July 28, 1999, the chancellor denied the motion to dismiss, but granted certification for interlocutory appeal, finding that the question of jurisdiction in this ease, including the issues of res judicata and collateral estoppel, should be addressed by this Court under M.R.A.P. 5(a), which allows for interlocutory appeal to resolve matters that would materially advance termination of litigation and avoid exceptional expense to the parties, to protect a party from substantial and irreparable injury, and to resolve an issue of general importance to the administration of justice. This Court granted permission to file the interlocutory appeal.

STANDARD OF REVIEW

¶ 6. Jurisdiction is a question of law. Entergy Miss., Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05 (Miss.1998). This Court reviews questions of law de novo. See Saliba v. Saliba, 758 So.2d 1095, 1098 (Miss.2000); Peters v. Peters, 744 So.2d 803, 804 (Miss.Ct.App.1999).

DISCUSSION

¶ 7. K.M.K. alleges that the chancery court does not have jurisdiction over this matter because the youth court has exclusive original jurisdiction. Miss.Code Ann. § 43-21-151(1) (Supp.1999) provides that:
The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, and abused child or a dependent child except in the following circumstances ... (c) When a charge of abuse of a child first arises in the course of a custody action between the parents of the child already pending in the chancery court....
(emphasis added). K.M.K. argues that a petition for termination of parental rights is essentially the same relief that was denied when the youth court refused to terminate visitation rights. Therefore, K.M.K. argues that if the chancery court is allowed to exercise jurisdiction over the termination of parental rights, one court would be able to order relief in conflict with another court’s order on the same issue, violating principles of res judicata and collateral estoppel.
¶ 8. S.L.M. argues that custody and visitation as decided by the youth court is a separate and distinct issue from termination of parental rights, and the chancery court is authorized to exercise jurisdiction over termination of parental rights cases. See Miss.Code Ann. § 93-15-105 (Supp. 1999). S.L.M. relies on this Court’s decisions in Petition of Beggiani, 519 So.2d 1208 (Miss.1988) and In re T.A.P., 742 So.2d 1095 (Miss.1999).
¶ 9. K.M.K. correctly points out that Miss.Code Ann. § 93-15-105 was amended in 1996, allowing a county court sitting as a youth court to have concurrent jurisdiction with a chancery court over petitions for termination of parental rights. The only question, therefore, for this Court to decide is whether that amendment gives a county court acting as a youth court priori *118 ty of jurisdiction over a chancery court when the parties were first subject to the jurisdiction of the youth court for proceedings involving abuse and neglect.
¶ 10. We hold that a chancery court may not exercise jurisdiction over any abused or neglected child or any proceeding pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning that same child.[1] We note especially, however, that this holding is limited to questions of priority jurisdiction in counties that have a county court sitting as a youth court in addition to a chancery court.[2]
¶ 11. No doubt prior to the amendment of § 93-15-105 allowing a county court/ youth court to hear a termination of parental rights petition, it was necessary for the chancery court to consider the matter as a separate issue from a youth court’s prior determination of custody and visitation, thereby allowing a chancery court to vacate and make moot youth court orders in conflict with its later determination as to the termination of parental rights. Now, however, the Legislature has given both chancery and county courts acting as youth courts the power to determine whether parental rights should be terminated. The Legislature has also stated that the youth court will have exclusive original jurisdiction over “all proceedings” involving abused and neglected children except when the allegation first arose in a pending chancery court action. Miss.Code Ann. § 43-21-151(1).
¶ 12. In addition to being faithful to the legislative intent and plain meaning of the statute, our holding promotes other values important to judicial administration. First, it will prevent forum shopping. The foster parents in this case brought the termination of parental rights suit in the chancery court only after the youth court had twice refused to terminate the visitation rights of K.M.K. Second, our holding will prevent potentially conflicting orders between trial courts dealing with the same issues. Lastly, this holding will prevent multiple suits in different courts and promote judicial economy by allowing a court already familiar with the parties and situations to hear all petitions dealing with those same parties and situations.

CONCLUSION

¶ 13. We hold that the County Court of Hinds County, sitting as the Hinds County Youth Court, may properly exercise jurisdiction over the termination of parental rights proceedings, and has priority of jurisdiction since that court has already considered the issues of neglect and abuse concerning the children of K.M.K. Therefore, the chancery court erred in denying K.M.K.’s motion to dismiss. The Hinds County Chancery Court’s order denying the motion to dismiss is reversed, and judgment is rendered here dismissing the chancery court action for lack of jurisdiction.
¶ 14. REVERSED AND RENDERED.
SMITH, MILLS, COBB and DIAZ, JJ., concur. McRAE, J., dissents with *119 separate written opinion joined by PRATHER, C.J., PITTMAN and BANKS, P.JJ.

. We note that there are some matters concerning abused and neglected children over which the youth court has no jurisdiction. See Miss.Code Ann. § 93-17-3 (1994) (adoption petitions must be filed in the chancery court). Our holding in this case is, of course, limited by statutory authority determining proper jurisdiction.

. The youth court has different divisions. Miss.Code Ann. § 43-21-107 (1993). One division of the youth court is the County Court, presided over by the county court judge or a judge chosen by the county court judge, in those counties that have a county court. Id. Another division is a division of the Chancery Court, presided over by a chancellor or a youth court referee. Id.; Miss.Code Ann. § 43-21-111 (Supp.1999). In jurisdictions where there is no county court, the chancery court would rightfully retain jurisdiction over cases involving termination of parental rights. Miss.Code Ann. § 93-15-105.