846 So.2d 289 (2003)
E.J.M., Appellant,
v.
A.J.M., a minor, By and Through her Grandmother and next Friend, I.V.C., Appellee.
No. 2002-CA-00045-COA.
Court of Appeals of Mississippi.
May 6, 2003.
*291 John R. Reeves, Christopher Paul Palmer, attorneys for appellant.
Kate S. Eidt, attorney for appellee.
Before KING, P.J., THOMAS and IRVING, JJ.
THOMAS, J., for the court.
¶ 1. I.V.C., the paternal grandmother of A.J.M., was awarded custody of A.J.M. through an ex parte proceeding alleging sexual abuse of the minor child by a third party, the attorney of the minor's mother, E.J.M. Aggrieved the mother asserts the following:
I. THE HINDS COUNTY CHANCERY COURT LACKED SUBJECT MATTER JURISDICTION.
II. THE COURT ERRED IN DENYING HER MOTION IN LIMINE.
III. THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATED WHEN THE LOWER COURT GRANTED AN EX PARTE TRANSFER OF CUSTODY OF HER CHILD TO THE APPELLEE.
IV. THE LOWER COURT ERRED IN GRANTING CUSTODY TO APPELLEE, NON-PARENT OF THE CHILD.
V. THE LOWER COURT ERRED IN ALLOWING APPELLANT'S EXPERT WITNESSES TO TESTIFY THAT THE MINOR CHILD WAS CREDIBLE.
VI. THE LOWER COURT ERRED BY NOT GRANTING APPELLANT'S MOTION FOR SANCTIONS AGAINST APPELLEE.
Finding no error, we affirm.

FACTS
¶ 2. On May 7, 2001, I.V.C. was granted an emergency petition for custody, guardianship and protective relief in the Chancery Court of Hinds County. She obtained an ex parte emergency temporary order for custody of A.J.M., the natural child of E.J.M. A hearing was held on May 29, 2001, after a requested continuance by E.J.M. was granted from the original date of May 18, 2001. The court ruled before the hearing that the ultimate issue before the court was the request for custody of a minor child by a third party.
*292 ¶ 3. Testimony began on May 29, 2001, and the first witness called by I.V.C. was E.J.M. who readily admitted that she was a diagnosed paranoid, bi-polar schizophrenic with a history of hospitalizations. She further acknowledged that she refused active treatment and care of a doctor and further stated that during a recent stint of depression she could not remember where her child was. No objections were made by E.J.M.'s counsel regarding the line of questioning. Testimony was not resumed until September 10, 2001, whereby E.J.M. filed a motion in limine on that morning requesting the court to exclude any testimony regarding allegations of E.J.M. being an unfit parent, any testimony from expert witnesses and any evidence regarding the mental condition of E.J.M. The court denied E.J.M.'s motion in limine. As the testimony continued, E.J.M.'s counsel failed to object to testimony regarding her mental condition.
¶ 4. I.V.C. also presented expert testimony from Melanie Wood, clinical therapist, regarding the child's statements about her encounters with a third party. The expert further testified regarding her two interviews with the minor child, techniques she used, and the basis for her opinion. A second expert, Dr. Catherine Dixon, psychologist, testified as to the believability of the child. She further stated that the child had a fear of the third party. One of the appellant's experts on cross examination testified to a finding of sexual abuse of the child from a report in 1997.
¶ 5. After both sides presented testimony from experts and witnesses, the judge ruled custody should be taken from E.J.M. as she was unfit, and placed the child in the custody of I.V.C.
I. DID THE HINDS COUNTY CHANCERY COURT LACK SUBJECT MATTER JURISDICTION?
¶ 6. E.J.M. argues that jurisdiction was only proper in Hinds County Youth Court based on Miss.Code Ann. § 43-21-151(1) (Rev.2002). She further contends that since the charge of abuse of the child did not first arise in a pending action in Hinds County Chancery Court then the statute mandates that youth court has exclusive jurisdiction.
¶ 7. Jurisdiction is a question of law. Entergy Miss., Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05(¶ 5) (Miss. 1998). This Court reviews questions of law de novo. See Saliba v. Saliba, 753 So.2d 1095, 1098(¶ 11) (Miss.2000); Peters v. Peters, 744 So.2d 803, 804(¶ 2) (Miss.Ct. App.1999). We hold that a chancery court may not exercise jurisdiction over any abused or neglected child or any proceeding pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning that same child. K.M.K. v. S.L.M. ex rel. J.H., 775 So.2d 115(¶ 10) (Miss.2000). Here the Mississippi Supreme Court showed deference to the court where prior proceedings had taken place. "Continuing and exclusive nature of chancery court jurisdiction over issues involving child custody precludes Youth Court from having exclusive original jurisdiction over proceedings involving abused child where allegations of abuse are raised in context of custody proceeding over which chancery court already exercises jurisdiction." Chrissy F. ex rel. Medley v. Mississippi Dep't of Pub. Welfare, 780 F.Supp. 1104 (S.D.Miss.1991), aff'd in part, rev'd on other grounds, 995 F.2d 595 (5th Cir.1993).
¶ 8. This matter was brought before the Hinds County Chancery Court as a custody action based upon child abuse. The *293 chancellor found that the court had issued a temporary order regarding the custody and visitation of the child and in that temporary order the court opined that any further allegations regarding the child would be referred to "this court" and the proper authorities. This is adequate retention of jurisdiction as the temporary order could be construed as pending and jurisdiction regarding child custody, which is exclusive to chancery court, was never relinquished to the youth court. This issue is without merit.
II. DID THE COURT ERR IN DENYING E.J.M.'S MOTION IN LIMINE?
¶ 9. E.J.M. asserts that the court erred in denying her motion in limine, barring any testimony regarding her being unfit for custody. She claims that as these allegations were not present in the pleadings, they are barred and the only evidence that may be heard is evidence regarding allegations which were pled. E.J.M.'s motion was brought before the court on September 10, 2001, after a whole day of testimony which took place in May.
¶ 10. The supreme court has repeatedly held that in matters regarding child custody and visitation the best interest of the child is of paramount importance. Morgan v. West, 812 So.2d 987, 992(¶ 13) (Miss.2002). A trial judge enjoys wide discretion with regard to the relevancy and admissibility of evidence. Fisher v. State, 690 So.2d 268, 274 (Miss.1996). The court will not reverse the ruling of the trial judge unless the judge commits an abuse of discretion which prejudices the party bringing the motion. Id.
¶ 11. In child custody cases, the polestar consideration is the best interest of the child, and this must always be kept paramount. Lee v. Lee, 798 So.2d 1284, 1288 (¶ 15) (Miss.2001) (citing Sellers v. Sellers, 638 So.2d 481, 485 (Miss.1994)). To help guide us to a proper determination as to custody, the court considers the following factors in determining the child's best interests: (1) age, health and sex of the child; (2) a determination of the parent that has had the continuity of care prior to the separation; (3) which has the best parenting skills and which has the willingness and capacity to provide primary child care; (4) the employment of the parent and responsibilities of that employment; (5) physical and mental health and age of the parents; (6) emotional ties of parent and child; (7) moral fitness of the parents; (8) the home, school and community record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) stability of home environment and employment of each parent and other factors relevant to the parent-child relationship. Id. (citing Albright v. Albright, 437 So.2d 1003, 1005 (Miss. 1983)).
¶ 12. In order for the judge to determine custody of the minor child all testimony regarding factors of the child's best interest must be allowed. Furthermore, Mississippi is a notice pleading state. The purpose of the pleading is to put the defendant on notice and the distinction between ultimate facts and evidence or conclusions of law are no longer important. The allegations in the request for custody were of child abuse. Inherent in a custody dispute are the factors considered by the court in Lee to determine the best interest of the child.
III. WERE THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS VIOLATED WHEN THE LOWER COURT GRANTED AN EX PARTE TRANSFER OF CUSTODY OF HER CHILD TO THE APPELLEE?
*294 ¶ 13. E.J.M. contends that I.V.C. violated Mississippi Rule of Civil Procedure 65. E.J.M. further asserts that I.V.C. failed to comply with the requirements in the rule and in doing so violated her due process rights. E.J.M. states that there is no such thing as a temporary custody order in Mississippi and that the proper course of action would be a temporary restraining order.
¶ 14. If E.J.M.'s assertions regarding the improper termed emergency order were taken as true it profits her nothing as the determinations of the chancellor were that the requirements of an ex parte motion were meet and no due process rights were violated. Under Rule 65(b) of the Mississippi Rules of Civil Procedure, a temporary restraining order may be issued without notice, but only if "it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party can be heard" and the applicant's attorney certifies "in writing the efforts, if any, which have been made to give the notice and the reason that notice should not be required." The chancery court, as guardian of all minor children in its district, is vested with authority to temporarily grant custody pending an investigation by a court appointed guardian ad litem, or the Hinds County Welfare Department, or Hinds County Youth Court when circumstances such as here exist. Adams v. Adams, 467 So.2d 211, 216 (Miss.1985).
¶ 15. This issue is without merit.
IV. DID THE LOWER COURT ERR IN GRANTING CUSTODY TO APPELLEE, NON-PARENT OF THE CHILD?
¶ 16. E.J.M. argues that the lower court erred because it was "duty bound" to hold against I.V.C. and in favor of E.J.M. on this issue of custody. She states that it is well settled law in Mississippi that parents have a paramount right to custody of their children to the exclusion of any other person.
¶ 17. This Court has recognized that "the natural parents of children have the natural right to the nurture, care and custody of their children." Simpson v. Rast, 258 So.2d 233, 236 (Miss.1972). In a custody dispute between a natural parent and third parties, such as grandparents, it is presumed that the best interests of the child will be preserved by custody remaining with the parents or parent. In order to overcome this presumption there must be a clear showing that the parent has (1) abandoned the child, or (2) the conduct of the parent is so immoral [as] to be detrimental to the child, or (3) the parent is unfit mentally or otherwise to have the custody of his or her child. Rodgers v. Rodgers, 274 So.2d 671, 673 (Miss.1973); see also Milam v. Milam, 509 So.2d 864, 866 (Miss.1987).
¶ 18. In order to modify an existing child custody order, the chancellor must, at the threshold, determine that there has been a material change in circumstance that is detrimental to the best interest of the child involved. McRee v. McRee, 723 So.2d 1217(¶ 6) (Miss.Ct.App. 1998).
¶ 19. The chancellor determined that the child's being molested was a material change that was detrimental to the best interest of the child and that the immoral behavior of E.J.M. adversely affected the safety and well-being of the child. The chancellor also determined that the continuing affectionate relationship between I.V.C. and the child rendered the best interest of the child to be for custody to remain with I.V.C. This issue is without merit.
*295 V. DID THE LOWER COURT ERR IN ALLOWING APPELLANT'S EXPERT WITNESSES TO TESTIFY THAT THE MINOR CHILD WAS CREDIBLE?
¶ 20. E.J.M. contends that the court erred in allowing expert testimony regarding the credibility of the child. She claims that the testimony violated Mississippi Rule of Evidence 803(25).
¶ 21. In the case at bar, the chancellor was able to consider the testimony of experts from both sides as well as deposition testimony of the child. Rule 803(25) states: "A statement made by a child of tender years describing any act of sexual contact performed with or on the child is admissible if: the court finds, in a hearing conducted outside the presence of the jury, that the statement [has a] substantial indicia of reliability." M.R.E. 803(25). The rule allows a judge to determine, using outside factors, the credibility of the child. Since there was no jury, there was no need to have a separate hearing as would be the case with a separate fact finder. Here the chancellor would be privy to all the information. The expert testimony was allowed by both sides and the chancellor determined the child reliable based on all the factors present. The chancellor has the sole responsibility to determine the credibility of witnesses and evidence, and the weight to be given each. Chamblee v. Chamblee, 637 So.2d 850, 860 (Miss.1994). In custody matters, we, as an appellate court, shall not disturb the decisions of chancellors unless it is clear that justice and the law require us to do so. Id.
¶ 22. In J.L.W.W. v. Clarke County Dept. of Human Services, 759 So.2d 1183, 1194 (¶ 13) (Miss.2000), the supreme court affirmed a chancellor's decision to terminate parental rights as the parents were responsible for a series of abusive acts toward the children. This decision was upheld among testimony preceded by objections regarding an experts opinion regarding the veracity of the child's statements and even exactly what the child told them. The case was originally sent back to the chancellor for a determination of the unavailability of the child required by M.R.E. 803(25). In the case at bar the child was available to testify and did. The expert testimony was used to provide the chancellor with knowledge regarding the factors that must be examined pursuant to Rule 803(25). The chancellor sitting as fact finder must determine the credibility of the testimony and both sides were afforded experts to testify to such. Error, if any, was harmless.
VI. DID THE LOWER COURT ERR BY NOT GRANTING APPELLANT'S MOTION FOR SANCTIONS AGAINST APPELLEE?
¶ 23. E.J.M. argues that the chancellor should have imposed sanctions against I.V.C. and her counsel for filing a frivolous claim.
¶ 24. Under Rule 11(b) of the Mississippi Rules of Civil Procedure, the court may award reasonable expenses and attorney's fees against a party or his attorney, or both, whose pleading or motion (1) is frivolous or (2) is filed for the purpose of harassment or delay. In reviewing whether the imposition of sanctions is warranted under Rule 11, this Court uses an abuse of discretion standard. January v. Barnes, 621 So.2d 915, 921 (Miss.1992). We do not find an abuse of discretion by the chancellor and therefore affirm.
¶ 25. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
*296 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.