IRVING, J.,
for the court.
¶ 1. The Lauderdale County Chancery Court found Elonzo Harry in contempt of a Lamar County Chancery Court judgment of divorce and ordered him imprisoned. The chancery court also overruled his motion to set aside the underlying judgment and denied his request for a writ of habeas corpus. Feeling aggrieved by this decision, Elonzo has prosecuted this appeal and asserts the following three issues, which we quote verbatim:
1. Did the Chancery Court of Lamar County, Mississippi have continuing exclusive jurisdiction over contempt matters pertaining to non-payment of child *750 support as required by order of that Court as to preclude contempt enforcement through the Chancery Court of Lauderdale County, Mississippi?
2. May a Court other than the Court who issued an order for child support enforce that order through contempt without making the defendant subject to an order of the enforcing Court?
3. Did the Court err in ordering incarceration based on a finding of civil contempt when the Court ordered the defendant to what the Court affirmative found that the defendant did not have the ability to do?
¶ 2. We find that the Lauderdale Chancery Court erred in assuming jurisdiction; therefore, we reverse and render the judgment underlying this appeal.
FACTS
¶ 3. Mattie Harry and Elonzo Harry were married and divorced in Lamar County, Mississippi. One child, Katrena LaPorche Harry, was born during the marriage, and the judgment of divorce granted custody of her to Mattie. Elonzo was ordered to pay $450 per month in child support and housing expenses for Katrena in addition to other obligations set forth in the judgment for divorce. After the divorce, Mattie and Katrena moved to Lauderdale County, Mississippi.
¶ 4. Sometime after moving to Lauder-dale County, Mattie, seeking to enforce certain provisions of the Lamar County judgment, filed a motion for citation of contempt against Elonzo in the Chancery Court of Lauderdale County, Mississippi. At the time this motion was filed, Elonzo was residing in Carrollton, Georgia.
¶ 5. Elonzo was personally served with process and was given a copy of the motion along with its exhibits. Elonzo personally appeared at the hearing on enforcement matters before the Chancery Court of Lauderdale County, Mississippi. After considering all the evidence and testimony, the chancellor found that Elonzo was gainfully employed, had the ability to provide support for Katrena, but had failed to comply with his support obligations under the Lamar County judgment of divorce. Moreover, the chancellor found that Elon-zo owed an arrearage of $52,131. Accordingly, the court ordered Elonzo incarcerated in the Lauderdale County jail until he could purge himself of civil contempt.
¶ 6. Following his incarceration, Elonzo filed a motion to set aside the Lauderdale judgment wherein he had been found in contempt. He also filed a motion for a writ of habeas corpus. As previously noted, the Lauderdale County Chancery Court overruled and denied both motions. Elonzo appealed each of the chancery court’s decisions which were consolidated into this single appeal presently before us.
DISCUSSION AND ANALYSIS OF THE ISSUES

1. Did the Lamar County Chancery Court Have Continuing Exclusive Jurisdiction?

¶ 7. Because Elonzo argues essentially the same point in his first two issues, we address them simultaneously. The crux of Elonzo’s argument is that the Chancery Court of Lamar County had continuing exclusive jurisdiction over contempt matters pertaining to the non-payment of child support as to preclude contempt enforcement through the Chancery Court of Lauderdale County. He asserts that only a court which issues an order may enforce that order by contempt. Alternatively, he asserts that before a non-issuing court can enforce through contempt an order of an issuing court, the non-issuing-enforcing court must seek and obtain a transfer of jurisdiction from the issuing court. In *751 other words, either the Chancery Court of Lamar County had to enforce its own order or the Chancery Court of Lauderdale County had to obtain a transfer of jurisdiction from the Chancery Court of Lamar County before it could take action to enforce the order.
¶ 8. Mattie contends that jurisdiction is proper in the Lauderdale County Chancery Court since she and Katrena have been residents of that county for several years. She relies on Mississippi Code Annotated section 93-11-65 (Supp.2003) which states in pertinent part that:
[T]he chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters, and shall, if need be, require bond, sureties or other guarantee to secure any order for periodic payments for the maintenance or support of a child.... All actions herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant.
¶ 9. It is obvious that the statute refers to initial actions relating to the matters specified in the statute. Here, Mattie’s enforcement action is not the initial action addressing support for her minor daughter. Rather, her action is predicated upon an existing order rendered by the Chancery Court of Lamar County. Here, the Chancery Court of Lamar County had acquired original jurisdiction when it granted the divorce in 1993 and determined the issues regarding custody and support.
¶ 10. “An action for contempt must be brought in the same court which rendered the original decree and is to be litigated as a matter ancillary to the original action.” Tollison v. Tollison, 841 So.2d 1062, 1064(¶ 8) (Miss.2003). That court has continuing jurisdiction over the subject matter and the venue is proper there even though the petitioner has moved to a different county within the same state. Id. at 1064-65(¶ 8). The principle of continuing jurisdiction has long been recognized in domestic relations cases. Id. at 1065(¶ 8).
¶ 11. Our supreme court has held that “only the court contemned has jurisdiction to punish the contemnor.” Id. (citing Culpepper v. State, 516 So.2d 485, 487 (Miss.1987)). Because the alleged contempt in the case at bar was against the Lamar County Chancery Court, it is further mandated that the Lamar County Chancery Court is the court of proper jurisdiction.
¶ 12. In K.M.K. v. S.L.M. ex rel. J.H., 775 So.2d 115 (Miss.2000), this Court reviewed the denial of a motion to dismiss which alleged improper jurisdiction. S.L.M., by and through her foster parents, filed an action in the Hinds County Chancery Court to terminate the parental rights of her natural mother, K.M.K. Id. at 116(¶ 1). K.M.K. filed the motion to dismiss, alleging improper jurisdiction in the Hinds County Chancery Court as the County Court of Hinds County, sitting as the Youth Court, had already taken jurisdiction over the child after making findings of abuse and neglect and placing S.L.M. in the home of foster parents. Id. Our supreme court held that the chancery court may not exercise jurisdiction over abused or neglected children or any proceeding pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning the same child. Id. at 118(¶ 10). In that case, the supreme court stated:
[O]ur holding promotes other values important to judicial administration. *752 First, it will prevent forum shopping. The foster parents in this case brought the termination of parental rights suit in the chancery court only after the youth court had twice refused to terminate the visitation rights of K.M.K. Second, our holding will prevent potentially conflicting orders between trial courts dealing with the same issues. Lastly, this holding will prevent multiple suits in different courts and promote judicial economy by allowing a court already familiar with the parties and situations to hear all petitions dealing with those same parties and situations.
Id. at 118(¶ 12).
¶ 13. We therefore find that exclusive and continuing jurisdiction lies in the Chancery Court of Lamar County to adjudicate the issues of enforcement of child support and that the Circuit Court of Lauderdale County erred in asserting jurisdiction.
¶ 14. Mattie also argues that Elon-zo failed to make any objection to the Lauderdale County Chancery Court’s entertainment of the enforcement proceeding and therefore waived his right to object to that court’s jurisdiction.
¶ 15. As stated earlier, the Lamar County Chancery Court has continuing jurisdiction over the subject matter of this enforcement proceeding for child support. Subject matter jurisdiction deals with the power and authority of a court to consider a case. Esco v. Scott, 735 So.2d 1002, 1006(¶ 14) (Miss.1999). Jurisdiction over the subject matter of a proceeding cannot be conferred by consent or waiver. Marshall v. State, 662 So.2d 566, 576 (Miss.1995). Thus, subject matter jurisdiction may not be waived and may be asserted at any stage of the proceeding or even collaterally. Esco, 735 So.2d at 1006.
¶ 16. Here, Elonzo, despite participating in the Lauderdale County Chancery Court trial, filed a motion to set aside the Lauderdale County Chancery Court order. Such motion was proper under Rule 60 of the Mississippi Rules of Civil Procedure. Surely, a lack of jurisdiction by the issuing court constitutes a “reason justifying relief from the judgment.”
¶ 17. The final issue that Elonzo asserts is whether the Lauderdale County Chancery Court erred when it ordered him to be incarcerated upon its finding of civil contempt. Clearly, if the Lauderdale County Chancery Court did not have continuing and exclusive jurisdiction to adjudicate contempt matters as they related to the Lamar County Chancery Court judgment of divorce, the Lauderdale County Chancery Court, as well, had no jurisdiction to imprison Elonzo for contempt. Consequently, we also reverse and render the Lauderdale County Chancery Court order denying the writ of habeas corpus requested by Elonzo and order his immediate release from incarceration should he be still confined.
¶ 18. We reverse and render the judgment of the Lauderdale County Chancery Court in its totality and remand the case to the Lauderdale County Chancery Court for transfer to the Lamar County Chancery Court for proceedings as the parties deem appropriate.
¶ 19. THE JUDGMENT OF THE LAUDERDALE COUNTY CHANCERY COURT IN CASE NUMBER 2002-CA-00938 IS REVERSED AND RENDERED. THE JUDGMENT IN CASE NUMBER 2002-CA-00940 IS REVERSED AND RENDERED, AND THE CASE IS REMANDED FOR TRANSFER TO THE LAMAR COUNTY CHANCERY COURT. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
*753 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.