KITCHENS, Justice,
concurring in part and in result:
¶ 36. While I agree that the chancellor erred by awarding custody to Finnegan without a hearing to consider the child’s best interests, I respectfully disagree with the majority’s interpretation of the Youth Court Act. The Youth Court Act does not allow a youth court to “voluntarily relinquish” jurisdiction over a child who has been adjudicated neglected. See Maj. Op. at ¶ 19. However, because the Mississippi Constitution vests chancery courts with jurisdiction over “minor’s business,” and because the jurisdiction of our chancery courts cannot be diminished by statute, I agree that the chancery court did have jurisdiction to hear the matter. For these reasons, I respectfully concur in part and in result.

Chancery Court Jurisdiction

¶ 37. As for the chancery court’s jurisdiction over this matter, the Youth Court Act is very clear that “[t]he youth court shall have exclusive original jurisdiction in all proceedings concerning ... a neglected child.... ” Miss.Code Ann. § 43-21-151(1) (Rev.2009) (emphasis added); accord K.M.K. v. S.L.M. ex rel. J.H., 775 So.2d 115, 118 (Miss.2000) (‘We hold that a chancery court may not exercise jurisdiction over any abused or neglected child or any proceeding pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning that same child.”) (emphasis in original). The majority holds that a youth court has the authority to terminate its “exclusive original jurisdiction” under Mississippi Code Section 43-21-151(2). Maj. Op. at ¶ 13. However, when read in its entirety, it is clear that Section 43-21-151(2) concerns only cases involving delinquency, not cases of neglect:
Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child’s twentieth birthday, unless sooner terminated by order of the youth court. The youth court shall not have jurisdiction over offenses committed by a child on or after his eighteenth birthday.
(Emphasis added.) Therefore, the Youth Court Act does not provide a means by which a youth court may “voluntarily relinquish” or “terminate” jurisdiction. Indeed, I can think of no instance in which a Mississippi court may choose to surrender its “exclusive original jurisdiction.” See e.g., Jackson v. State, 67 So.3d 725, 730-31 (Miss.2011) (vacating this Court’s denials of applications for post-conviction relief be *618 cause the trial court had “exclusive, original jurisdiction” over the proceedings).
¶ 38. Nevertheless, Section 159 of Article 6 of the Mississippi Constitution provides that “the chancery court shall have full jurisdiction [over] ... minor’s business,” and such jurisdiction, granted by the Constitution, “cannot be diminished by statute.” White v. White, 26 So.3d 342, 347 (Miss.2010). Therefore, despite statutory language to the contrary, the chancery court did not err in exercising jurisdiction over the matter of Baby Dennis’s custody. The majority correctly finds that the chancellor erred in awarding custody to the natural mother without determining the child’s best interest; thus I concur with reversing the custody award and remanding the case for a full custody hearing.
DICKINSON, P.J., AND LAMAR, J., JOIN THIS OPINION.