KING, Justice,
 

 for the Court:
 

 ¶ 1. This custody dispute is before us on interlocutory appeal. The Lauderdale County Youth Court denied Theresa and Ralph Anderson’s Motion to Transfer Jurisdiction to the Chancery Court of Nesho-ba County in this custody matter involving neglected and abused minors. Aggrieved, the Andersons appeal, arguing that the youth court erred in retaining jurisdiction over the matter because chancery courts have jurisdiction over custody matters, and because the youth court previously terminated its jurisdiction over the minors involved. We find no error and affirm the order of the youth court denying the Motion to Transfer Jurisdiction.
 

 
 *857
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 26, 2006, the Department of Human Services (“DHS”) initiated proceedings in the Lauderdale County Youth Court to remove two minor children, M.I. and T.I., from the custody of their parents. DHS alleged that the minors’ father sold and used drugs, held a gun to the heads of their mother and M.I., and sexually abused M.I., and that the children’s mother used crystal methamphetamine and was not protecting the children. The youth court removed M.I. and T.I. from their parents’ custody and placed them in the care of their paternal aunt and uncle, Theresa and Ralph Anderson. On November 28, 2006, the youth court adjudicated M.I. and T.I. neglected and abused. It continued temporary physical custody of M.I. and T.I. with the Andersons, and legal custody with the Lauderdale County Department of Human Services. From November 28, 2006 to January 30, 2008, the youth court conducted periodic review hearings, and at every review hearing prior to that of January 80, 2008, it continued physical custody of the minors with the Andersons and legal custody with the Lauderdale County Department of Human Services.
 

 ¶ 3. On January 30, 2008, the youth court determined that long-term placement of M.I. and T.I. would be in their best interest. It granted “full legal and physical custody” to the Andersons, and stated that “the said placement be a durable placement, by and through this order without necessity of future review hearing in this cause unless petitioned to do so.” It further noted that DHS was “allowed” to close its file on M.I. and T.I.
 

 ¶ 4. After the youth court’s January 30, 2008, order, nearly two and a half years passed without any activity in the case. Then, on June 6, 2010, the minors’ mother wrote a letter to the youth court requesting visitation with M.I. and T.I. The youth court scheduled a hearing on the matter and ordered DHS to open a Prevention Case. The youth court conducted a review hearing and granted the mother visitation. At a second review hearing, the youth court expanded the mother’s visitation privileges. The Andersons filed a Petition to Award Custody, Support and Other Relief in the Chancery Court of Neshoba County on January 21, 2011. On January 27, 2011, the Andersons filed a Motion to Transfer Jurisdiction in the youth court, requesting the youth court transfer jurisdiction of the matter to the chancery court for a determination of custody. The youth court held a hearing on April 5, 2011, and denied the Motion to Transfer Jurisdiction.
 
 [1]
 

 ¶ 5. Aggrieved, the Andersons filed a Petition for Permission to Appeal the youth court’s denial of their Motion to Transfer Jurisdiction with this Court, which we granted.
 

 ANALYSIS
 

 ¶ 6. Jurisdiction is a question of law and is reviewed de novo.
 
 K.M.K. v. S.L.M.,
 
 775 So.2d 115, 117 (Miss.2000).
 

 ¶ 7. The Andersons argue that the youth court erred in retaining jurisdiction over this matter, maintaining that chancery courts have continuing and exclusive jurisdiction over custody matters. They further contend that the youth court terminated its jurisdiction over this matter with its January 30, 2008, order by granting them “full legal and physical custody” rather than durable legal custody.
 

 ¶ 8. DHS asks this Court to affirm the youth court’s denial of the Motion to
 
 *858
 
 Transfer Jurisdiction. DHS asserts that the youth court granted durable legal custody to the Andersons and did not terminate its jurisdiction via its January 30, 2008, order. Thus, DHS concludes, the youth court’s retention of jurisdiction over this matter is proper.
 

 ¶9. The Constitution of the State of Mississippi grants the chancery court “full jurisdiction” over “minor’s business.” Miss. Const, art. 6, § 159(d). It also allows the Legislature to establish inferior courts, such as youth court. Miss. Const. art. 6, § 172;
 
 In re T.L.C.,
 
 566 So.2d 691, 696 (Miss.1990). The Youth Court Act grants the youth court “exclusive original jurisdiction in
 
 all proceedings
 
 concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child.” Miss.Code Ann. § 43-21-151(1) (Rev.2009) (emphasis added);
 
 see also K.M.K.,
 
 775 So.2d at 118. The youth court retains such jurisdiction over the child until the child’s twentieth birthday, unless such jurisdiction is “sooner terminated by order of the youth court.” Miss.Code Ann. § 43-21-151(2) (Rev. 2009);
 
 see also Petition of Beggiani,
 
 519 So.2d 1208, 1211 (Miss.1988) (recognizing that the youth court’s jurisdiction over a child continues until the age of twenty “for the offense and purpose of the ‘neglected or abused’ subject matter”). The youth court also possesses the authority to modify a disposition order regarding custody or disposition of a child upon motion of a child or child’s parent, guardian, or custodian. Miss.Code Ann. § 43-21-613(2) (Rev.2009).
 

 ¶ 10. It is clear that the youth court in this case possessed original jurisdiction, as M.I. and T.I. were adjudicated neglected and abused, thus falling squarely within the purview of Mississippi Code Section 43-21-151(1). Further, based on the statutory authority of youth courts to modify disposition orders and to retain jurisdiction over an abused or neglected child until the child reaches age twenty, we conclude that the youth court in this case clearly retains jurisdiction over the matter so long as it did not otherwise terminate its jurisdiction.
 

 ¶ 11. Because the youth court possessed original jurisdiction over this matter, and the authority to retain such jurisdiction, we must examine whether the youth court terminated its jurisdiction over M.I. and T.I. with its January 30, 2008, order. The Andersons argue that the January 30, 2008, order did not grant durable legal custody, but rather gave them some sort of custody with a greater degree of permanency, thus terminating the youth court’s jurisdiction. DHS counters that the January 30, 2008, order did grant the Andersons durable legal custody, and, as such, the youth court retains its jurisdiction over this matter. In the order itself, the youth court specified that the placement was a “durable placement” and that no necessity existed for further review hearings, unless the court was so petitioned. The order also provided that DHS was allowed to close its file on the matter.
 

 ¶ 12. The Youth Court Act gives a youth court a variety of nonexclusive options in a disposition order in neglect and abuse cases. Miss.Code Ann. § 43-21-609 (Rev.2009). The options include arrangements such as foster care, temporary relative placement, durable legal custody, and parental custody, among others.
 
 Id.; see also
 
 Miss.Code Ann. § 43-21-613(3) (Rev. 2009) (providing a list of suggested dispositions for children adjudicated neglected or abused). The Youth Court Act defines “durable legal custody” as
 

 the legal status created by a court order which gives the durable legal custodian the responsibilities of physical possession of the child and the duty to provide him with care, nurture, welfare, food,
 
 *859
 
 shelter, education and reasonable medical care. All these duties as enumerated are subject to the residual rights and responsibilities of the natural par-entis) ....
 

 Miss.Code Ann. § 43-21-105(y) (Rev. 2009).
 
 [2]
 
 The Youth Court Act provides that in cases in which durable legal custody has been granted, the youth court’s obligation to conduct periodic review hearings is lifted, unless the youth court specifically orders such hearings. Miss.Code Ann. §§ 43 — 21—609(b) and 43-21-613(3)(d) (Rev.2009). The Act also releases DHS from oversight or monitoring responsibilities in cases in which durable legal custody is granted.
 
 Id.
 

 ¶ 13. This Court previously addressed the nature of durable legal custody, noting that “a decision to grant durable legal custody is not permanent.”
 
 In re S.A.M.,
 
 826 So.2d 1266, 1279 (Miss.2002);
 
 see also Barnett v. Oathout,
 
 883 So.2d 563, 569 (Miss.2004) (indicating that a grant of durable legal custody does not grant the custodian any greater rights than those possessed by a foster parent). Further, the Youth Court Act does not preclude the youth court’s retention of jurisdiction in matters in which durable legal custody is granted, nor does it preclude further DHS involvement.
 
 In re S.A.M.,
 
 826 So.2d at 1279. “[T]he intent of durable legal custody is merely to avoid the required annual dispositional reviews by the youth court and constant oversight and monitoring by DHS,
 
 not
 
 a complete preclusion of the court’s jurisdiction, DHS’s further involvement or court ordered review hearings as needed.”
 
 Id.
 
 (emphasis added);
 
 Barnett,
 
 883 So.2d at 569.
 

 ¶ 14. While the youth court in this case did not use the most explicit language possible
 
 [3]
 
 in its January 30, 2008, order to indicate that it was granting durable legal custody, it did state that the placement in the matter was “durable.” It immediately followed that statement with a notation that review hearings need not continue. It also allowed, but notably did not mandate, DHS to close its file. It further specifically authorized further review hearings if so petitioned, indicating that it intended to retain jurisdiction over the matter. Because this Court has ruled that the intent of durable legal custody is to dispose of the necessity for review hearings and constant DHS oversight, and because such a statement by the youth court in this case immediately followed its statement that the custody was a “durable placement,” it follows that the youth court ordered a durable legal custody arrangement, and thus did not terminate its jurisdiction. Additionally, statutory authority and caselaw reveal disposition options for abused and neglected children that include foster care, durable legal custody, temporary relative placement, termination of parental rights, and adoption. In this case, the Andersons suggest that the youth court ordered a sort of disposition more “permanent” than durable legal custody, but not as “permanent” as an adoption or termination of parental rights. This Court is unaware of any type of custody arrangement or disposition that
 
 *860
 
 grants custodians rights greater than durable legal custody, but does not go to the extent of terminating parental rights and/or recommending the child be adopted. While such a disposition may be an option available to a youth court,
 
 [4]
 
 it is unlikely that the youth court would order an anomalous disposition that appears to be outside the scope of dispositions contemplated by the Youth Court Act.
 

 ¶ 15. We conclude that the youth court in this case granted the Andersons durable legal custody. A grant of durable legal custody does not preclude the court from retaining jurisdiction over a matter.
 
 In re S.A.M.,
 
 826 So.2d at 1279. Thus, the youth court did not terminate its jurisdiction over M.I. and T.I. with its January 30, 2008, order.
 

 CONCLUSION
 

 ¶ 16. The youth court did not err in denying the Andersons’ Motion to Transfer Jurisdiction. The youth court may properly retain its jurisdiction over M.I. and T.I. as minors adjudicated neglected and abused until they reach the age of twenty. The youth court in no way terminated its jurisdiction over M.I. and T.I. by its grant of durable legal custody in its January 30, 2008 order. Accordingly, we affirm the youth court’s order denying the Motion to Transfer Jurisdiction, and remand this case to the County Court of Lauderdale County, Youth Court Division, for further proceedings consistent with this opinion.
 

 ¶ 17. AFFIRMED AND REMANDED.
 

 WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ„ CONCUR.
 

 [1]
 

 . In addition, the youth court further expanded the mother's visitation with M.I. and T.I.
 

 [2]
 

 . The definition of “legal custody” is very similar to that of "durable legal custody,” and also subjugates the legal custody to the residual rights and responsibilities of the parent. Miss.Code Ann. § 43-21-105(r) (Rev.2009).
 

 [3]
 

 .
 
 See, e.g., In re S.A.M.,
 
 826 So.2d at 1268, 1277 (this Court used the specific language “durable legal custody,” cited the statute allowing durable legal custody, and noted that the youth court specified that durable legal custody was not permanent and was subject to modification).
 

 [4]
 

 . The Youth Court Act notes that youth courts are not limited to the list of dispositions. Miss.Code Ann. § 43-21-613(3)(a)(ii) (Rev. 2009) (in determining the future status of the child, the judge may consider listed dispositions, but is not limited to those dispositions); Miss.Code Ann. § 43-21-609 (Rev.2009) (“In neglect and abuse cases, the disposition order
 
 may
 
 include any of the [listed] alternatives[.]”) (emphasis added).