# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00419-SCT

*RAYVON LAVELLE ALTMAN a/k/a RAYVON LAVELL ALTMAN a/k/a RAYVON LOVELL ALTMAN a/k/a RAYVON ALTMAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/2021 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| TRIAL COURT ATTORNEYS: | MARVELL MAURICE GORDON |
| | JAMES A. WILLIAMS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES A. WILLIAMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 06/02/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Mississippi law provides that the youth court has "exclusive original jurisdiction in all proceedings concerning a delinquent child," with some exceptions, one being when a child commits a felony using "a deadly weapon, the carrying of which concealed is prohibited by Section 97-37-1." *See* Miss. Code Ann. § 43-21-151(1)(a) (Rev. 2021).  At issue in this interlocutory appeal is whether the circuit court has jurisdiction when the allegation is that the deadly weapon was an automobile.  Both the appellant, Rayvon Altman,

and the appellee, the State, agree that the deadly weapon exception is inapplicable because Section 97-37-1 does not prohibit the concealed carrying of an automobile. Thus, the circuit court did not have jurisdiction over Altman because he was a minor at the time the alleged offense was committed. We agree, and we reverse the circuit court's order and remand the case to the circuit court for it to render a judgment dismissing Altman's indictment and to "forward all documents pertaining to the cause to the youth court[.]" Miss. Code Ann. § 43-21-159(1) (Rev. 2021).

**FACTS**

¶2. On August 20, 2020, Rayvon Altman was indicted in Lauderdale County for four counts of aggravated assault in violation of Mississippi Code Section 97-3-7(a)(1) (Rev. 2020). The indictment alleged that Altman intentionally drove his motor vehicle into another vehicle, which was occupied by four people, in an attempt to injure the occupants. It was subsequently acknowledged that the occupants of the other vehicle were Altman's mother, siblings, and stepfather.

¶3. On March 19, 2021, Altman filed a motion to dismiss the indictment for lack of jurisdiction. Altman was seventeen years old at the time of the alleged crime, which occurred on May 24, 2019. Altman argued that the indictment should be dismissed because the youth court had exclusive jurisdiction under Section 43-21-151 because he was under eighteen years of age at the time of the alleged offense.

¶4. On March 30, 2021, the Lauderdale County Circuit Court entered an order denying Altman's motion to dismiss. The circuit court found that, although Altman was a minor at

2

the time the crime occurred, the circuit court had jurisdiction because Altman "allegedly committed the crime with a motor vehicle, a deadly weapon." On July 21, 2021, this Court granted Altman's petition for interlocutory appeal.

## ISSUE

¶5. The parties do not dispute the issue on appeal. The State articulates it as follows:

> Does the circuit court have jurisdiction over a matter involving a youthful offender who is charged with aggravated assault by using a motor vehicle as a deadly weapon?

## STANDARD OF REVIEW

¶6. "Jurisdiction is a question of law and is [therefore] reviewed de novo." *In re Int. of M.I.*, 85 So. 3d 856, 857 (Miss. 2012). Likewise, "[s]tatutory interpretation is a question of law subject to *de novo* review." *Tipton v. State*, 150 So. 3d 82, 84 (Miss. 2014) (citing *Arceo v. Tolliver*, 19 So. 3d 67, 70 (Miss. 2009)).

¶7. The appellee, the State of Mississippi, has conceded that the circuit court erred by refusing to dismiss Altman's indictment. But this Court is not bound by concessions as to issues of law. *White v. State*, 616 So. 2d 304, 307 (Miss. 1993).

## DISCUSSION

¶8. Mississippi Code Section 43-21-157(1) (Rev. 2021) provides a procedure that allows a youth court to transfer jurisdiction of a minor "to the criminal court which would have trial jurisdiction of such offense if committed by an adult." But the record does not show that Altman ever appeared before a youth court even though he was a juvenile at the time the

crime was committed. There is no indication the youth court transferred Altman's case to the circuit court.

¶9.    Section 43-21-151 provides, in relevant part:

(1) The youth court shall have exclusive jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child *except in the following circumstances:*

(a) Any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court;

(b) Any act attempted or committed by a child with *the use of a deadly weapon, the carrying of which concealed is prohibited by Section 97-37-1, or a shotgun or a rifle, which would be a felony if committed by an adult, will be in the original jurisdiction of the circuit court*; and

. . . .

(2) Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child's twentieth birthday, unless sooner terminated by order of the youth court. The youth court shall not have jurisdiction over offenses committed by a child on or after his eighteenth birthday.

Miss. Code Ann. § 43-21-151 (Rev. 2021) (emphasis added).

¶10.    Aggravated assault is not "punishable under state or federal law by life imprisonment or death," so Section 43-21-151(1)(a) is not applicable here. *See* Miss. Code Ann. § 97-3-7. The question arises from Section 43-21-151(1)(b), which gives the circuit court original jurisdiction over "[a]ny act attempted or committed by a child with the use of a deadly weapon, the carrying of which concealed is prohibited by Section 97-37-1[.]"

4

¶11. "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300, 302 (Miss. 2021) (internal quotation marks omitted) (quoting *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018)). "This Court will not engage in statutory interpretation if a statute is plain and unambiguous." *Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So. 3d 600, 607 (Miss. 2009) (citing *BancorpSouth Bank v. Duckett (In re Guardianship of Duckett)*, 991 So. 2d 1165, 1181 (Miss. 2008)), *abrogated on other grounds by King v. Miss. Mil. Dep't*, 245 So. 3d 404, 407 (Miss. 2018). "However, statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue." *Id.* (citing *Duckett*, 991 So. 2d at 1181). "In either case, the ultimate goal of this Court is to discern the legislative intent." *Id.* (citing *Allred v. Yarborough*, 843 So. 2d 727 (Miss. 2003)). In discerning legislative intent, this Court's "duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Caldwell v. N. Miss. Med. Ctr. Inc.*, 956 So. 2d 888, 890-91 (Miss. 2007) (internal quotation mark omitted) (quoting *Pope v. Brock*, 912 So. 2d 935, 937 (Miss. 2005)), *overruled on other grounds by Wimley v. Reid*, 991 So. 2d 135, 137 (Miss. 2008). Therefore, it is important to determine whether Section 43-21-151(1)(b) is ambiguous.

¶12. Section 43-21-151(1)(b) reads:

> (b) Any act attempted or committed by a child with the use of a deadly weapon, the carrying of which concealed is prohibited by Section 97-37-1, or a shotgun or a rifle, which would be a felony if committed by an adult, will be in the original jurisdiction of the circuit court . . . .

5

Thus, for the circuit court to exercise original jurisdiction over an act attempted or committed by a child, the following elements are required:

> (1)    the act must be committed or attempted with the use of a deadly weapon;
>
> (2)    the deadly weapon must:
>
> > (a)    be a rifle or a shotgun, or
> >
> > (b)    prohibited by Section 97-37-1 from being carried concealed; and
>
> (3)    the act attempted or committed would be a felony if committed by an adult

*See* Miss. Code Ann. § 43-21-151(1)(b).

¶13. The statute requires all three of those elements to be met. There is no question that aggravated assault is an act that attempted or committed would be a felony if committed by an adult. The question of whether an automobile is a deadly weapon is irrelevant if, assuming an automobile is a deadly weapon, the carrying of it concealed is not prohibited by Section 97-37-1. Mississippi Code Section 97-37-1(1) (Rev. 2020) (emphasis added) reads:

> (1) Except as otherwise provided in Section 45-9-101, any person who carries, concealed on or about one's person, any *bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, slingshot, pistol, revolver, or any rifle with a barrel of less than sixteen (16) inches in length, or any shotgun with a barrel of less than eighteen (18) inches in length, machine gun or any fully automatic firearm or deadly weapon, or any muffler or silencer for any firearm*, whether or not it is accompanied by a firearm, or uses or attempts to use against another person any imitation firearm, shall, upon conviction, be punished as follows . . . .

¶14. An automobile is not listed in Section 97-37-1(1), nor can it be "carried" or "concealed on or about one's person." Thus an automobile cannot be "a deadly weapon, the

6

carrying of which concealed is prohibited by Section 97-37-1, or a shotgun or a rifle." Consequently, under Section 43-21-151(1), the circuit court does not have original jurisdiction over a juvenile offender who commits a felony using an automobile.

¶15. Having concluded that the circuit court did not have original jurisdiction over Altman, the question of the disposition remains. The answer is found in Section 43-21-159(1), which provides:

> (1) When a person appears before a court other than the youth court, and it is determined that the person is a child under jurisdiction of the youth court, such court shall, unless the jurisdiction of the offense has been transferred to such court as provided in this chapter, or unless the child has previously been the subject of a transfer from the youth court to the circuit court for trial as an adult and was convicted, immediately dismiss the proceeding without prejudice and forward all documents pertaining to the cause to the youth court; and all entries in permanent records shall be expunged. The youth court shall have the power to order and supervise the expunction or the destruction of such records in accordance with Section 43-21-265. Upon petition therefor, the youth court shall expunge the record of any case within its jurisdiction in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped, there was no disposition of such case, or the person was found not delinquent.

Miss. Code Ann. § 43-21-159 (Rev. 2021). Pursuant to Section 43-21-159(1), the circuit court's proceeding against Altman should be immediately dismissed without prejudice and all documents pertaining to the cause forwarded to the youth court.

**CONCLUSION**

¶16. An automobile is not "a deadly weapon, the carrying of which concealed is prohibited by Section 97-37-1." *See* Miss. Code Ann. § 97-37-1(1). Thus, the circuit court lacked original jurisdiction over Altman, who was a minor at the time he is alleged to have

committed the offense.  We reverse the circuit court's decision and remand the case for transfer to the youth court.

¶17.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**