536 So.2d 1 (1988)
In re Leslie Karen NEWSOM, Petitioner.
Misc. No. 2588-A.
Supreme Court of Mississippi.
August 17, 1988.
Rehearing Denied September 29, 1988.
Martin A. Smith, Smith, Smith, Tate & Cruthird, Poplarville, for petitioner.
James R. Hayden, Erik M. Lowrey, Robert R. Marshall, Stone D. Barefield, Hattiesburg, for respondents.
Before DAN M. LEE, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
The Court today addresses the question of whether guardian ad litem fees are properly taxable as costs of appeal, prepayment of which are indispensable to the processing of an appeal to this Court.

I.
Karen Newsom, Petitioner in this extraordinary writ action under Supreme Court Rule 21, is aggrieved of an order divesting her of custody of her children in favor of their natural father, Henry Eugene Newsom. The final order, entered on January 30, 1988, came after lengthy proceedings before Chancellor Sebe Dale, Jr. On February 16, 1988, Karen Newsom filed a notice of appeal under Supreme Court Rule 3, triggering the additional requirements of cost estimate and record designation under Rules 10 and 11. The Chancery Clerk duly prepared a cost estimate totalling $12,584.42. Of this sum, $10,500.00 was delineated as a fee to the children's guardian ad litem. Karen Newsom paid all fees with the exception of the guardian ad litem fee, provoking a motion by the Chancery Clerk under Rule 11(b)(2) to increase the cost deposit. That motion was granted and the Chancery Clerk was instructed not to prepare or transmit the record until Mrs. Newsom tendered the additional $10,500.00. Mrs. Newsom appeals this ruling via petition for extraordinary writ (mandamus).

II.
Quite simply, this case poses a single question: Is a guardian ad litem fee under M.R.C.P. 17(d) a "cost of preparation of the record on appeal" under Supreme Court Rule 11(b)(1)? We hold that it is not and grant the writ of mandamus.
There is no doubt that our civil rules prescribe that a guardian ad litem be compensated for his or her efforts, and that the monies so ordered be taxed as court costs. M.R.C.P. 17(d) provides, in relevant part, that
In all cases in which a guardian ad litem is required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for his service rendered in such cause, to *2 be taxed as a part of the cost in such action.
In this case, however, Supreme Court Rule 11(b)(1) controls our analysis for we deal not with whether the guardian ad litem must be compensated but with the separate issue of whether such payment is a prerequisite to securing an appeal. The controlling portion of 11(b)(1) states that within seven (7) days after filing a notice of appeal,
the appellant shall estimate the cost of preparation of the record on appeal, including but not limited to, the cost of the preparation of the transcript, and shall deposit the sum with the clerk of the court whose judgment or order has been appealed.
This rule clearly indicates that before a record shall be prepared and forwarded to this Court, all costs necessary to the completion and transmission of the record shall be paid to the clerk. While the guardian ad litem's fee is an important facet of these proceedings, it is by no means a cost necessary to the preparation of the record. Consequently, it is more properly a cost which should be assessed and taxed after this Court resolves the appeal of the judgment which forms the crux of this appeal. See Supreme Court Rule 36(a).
Admittedly, M.C.A. § 11-51-29 (Cum.Supp. 1987), relied on by the lower court, may be interpreted to require all court costs to be prepaid upon the taking of an appeal.[1] Looking to Rule 11(b)(1), however, we find the statutory language subject to the Rule's clear limitation of prepaid costs to those essential to the processing of the appeal. See official comment to Supreme Court Rule 1 ("All statutes, other sets of rules, orders, or decisions in conflict with these rules will otherwise be of no further force or effect.")
For the reasons stated above, we grant the writ of mandamus and instruct the Chancery Clerk of Forrest County to complete and transmit the record for appeal of the judgment in Newsom v. Newsom.
PETITION FOR WRIT OF MANDAMUS GRANTED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.JJ., and ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., dissenting with written opinion.
SULLIVAN, J., not participating.
PRATHER, Justice, dissenting:
I respectfully dissent from the majority opinion.
There are legitimate concerns in our interpretation of Mississippi Supreme Court Rule 11(b)(1). On the one hand, this Court wants to enable an aggrieved appellant, monetarily, to meet the cash deposit necessary to have this Court review his or her appeal. Certainly a person of lower economic status should not be deprived of his or her one appeal as of right because of financial inability, and [every means should be sought by this Court to guarantee that right.] However, under our rules there is no appeal in forma pauperis in civil cases. Nelson v. Bank of Mississippi, et al, 498 So.2d 365 (Miss. 1986). But in this case there is no claim of forma pauperis; this Court is only considering how much of the trial court costs must be prepaid by an appellant. There is no issue raised as to the excessiveness of the guardian ad litem fee, nor is there an issue raised as to other costs estimated to be paid to the clerk of the trial court or costs involved in securing service of process.
Secondly, in considering this issue, there is a duty on the part of the chancellors to appoint a guardian ad litem for persons under legal disability. M.R.C.P. 17(c) and 17(d). (This rule is adopted from Miss. Code Ann. § 9-5-89 (1972)). See also V. Griffith, Mississippi Chancery Practice, § 34 (2d Ed. 1950). Without any question, M.R.C.P. 17 provides that guardian ad litem fees are to be taxed as costs, and this *3 section provides the ways and means for the chancery court to meet its duty under Rule 17.
There is a comment under Rule 11 and "omitted" Rule 7 which deserve reference. It should be remembered that this Court's adopting order of January 1, 1988 also adopted the comments as authoritative guides to the correct interpretation of these rules.
The official comment under omitted Rule 7 is:
Rule 7 is omitted from these rules because provisions for costs on appeal are found in Rule 11. This is consistent with prior statutory practice. In 1978, the legislature abolished bond for payment of costs on appeal and substituted a requirement that the appellant prepay costs. See 1978 Miss. Laws Ch. 335 § 16; Miss. Code Ann. § 11-51-29 (Supp. 1986). (Emphasis added).
The comment under Rule 11 notes some alteration in former Mississippi practice in some respects, but the alteration is not before the Court in this case.
I respectfully submit that this Court is altering the prior practice of requiring prepayment of all costs for an appeal in a civil case. Our former practice required it, and that procedure should be continued. The Rule 11(b)(1) says "the appellant shall estimate the cost of preparation of the record on appeal, including, but not limited to, the cost of the preparation of the transcript... ." [Emphasis added]. I respectfully submit that this language addressing the "cost of preparation of the record" should include the transcript, the court clerk's filing fees, process costs, and fees of guardians ad litem.
To interpret the rule in the manner of the majority opinion will deter the chancellors of our state in securing guardians ad litem due to the court's inability to provide a method for reimbursement for the guardian's service. I respectfully dissent, and would require the prepayment of guardian ad litem fees.
As an addendum to this opinion, I note that this case draws to our attention the need for review of the "omitted" Mississippi Supreme Court Rule 7 by the Mississippi Supreme Court's Advisory Committee on Rules, which study and recommendation I solicit.
NOTES
[1] This section provides, in relevant part, that in appeals from final decrees in Chancery Court, "... the appellant shall prepay all of the costs in the lower court including the cost of the preparation of the record... ."