BLASS, Justice,
for the Court:
Erik M. Lowrey plaintiff below appeals from a summary judgment granted the de *1030 fendant County by the Chancery Court of Forrest County, Mississippi. Lowrey sued to require the county to pay his fee as guardian ad litem in the ease of Newsom v. Newsom, then pending in that court. It was a time consuming and difficult matter in which Mr. Lowrey, appointed by the court, rendered valuable services,. His fees were allowed by the Chancery Court in the sum of $10,500, to be taxed as costs in Newsom in accordance to Miss.R.Civ.P. 17(d). The Newsom case was appealed to this Court. The chancery clerk declined to prepare and transmit the record until all costs, including Lowrey’s fees, were paid. Mrs. Newsom, against whom the costs had been assessed below, sought and obtained a writ of mandamus from this Court directing the clerk to proceed with the record despite the fact that the guardian ad li-tem’s fee had not been paid.
On that appeal this Court held that a guardian ad litem’s fee allowed under MRCP 17(d) was not a “cost of preparation of the record on appeal,” and granted the writ of mandamus. In re Newsom, 536 So.2d 1 (Miss.1988). In its opinion this Court said, “While the guardian ad litem’s fee is an important facet of these proceedings, it is by no means a cost necessary to the preparation of the record. Consequently, it is more properly a cost which should be assessed and taxed after this court resolves the appeal of the judgment which forms the crux of this appeal. See Supreme Court Rule 36(a).” This issue was decided by this Court on the 17th day of August, 1988.
While the matter of Newsom v. Newsom was pending on appeal to this Court, and on December 15, 1988, before the Supreme Court’s decision in the Newsom case in chief, but after the mandamus decision, Mr. Lowrey filed the instant case in the Chancery Court of Forrest County, Mississippi. He seeks to require the Board of Supervisors of Forrest County to pay the $10,500 fee which the court had allowed, together with 8% interest from the date of the awarding of the judgment. The Complaint was later amended to make it clear that the suit was not brought against the Supervisors in their personal and individual capacities.
The defendants answered, denying any obligation to pay the guardian ad litem’s fee, alleging other specific defenses, and charging, affirmatively, that the plaintiff’s suit was brought without substantial justification as defined in § 11-55-3, Miss.Code Ann. (Supp.1989), a section of the Litigation Accountability Act. The defendants sought sanctions against the plaintiff in the form of attorney’s fees and costs.
We have been cited to no authority which would require, justify, or authorize us to require the sums demanded by the plaintiff to be paid by the county under the circumstances present here. The case in which the services were rendered had been appealed to this Court so that, at the time of the filing of the Complaint, it could not be ascertained against whom the costs would be finally assessed. Miss.R.Civ.P. 17(d) clearly contemplates that the fees will be taxed and paid as costs. The statutes afford a remedy to the clerk for the collection of costs and, should the clerk decline to pursue those remedies, the guardian ad litem would have the right to require that it be done. Until the matter is finally decided, however, and a decision as to the taxing of the costs is finally determined, and the question of whether or not the costs can be otherwise collected this action appears premature.
The learned chancellor was of the same opinion and granted summary judgment. We do not concur in all of the reasons stated in his opinion, but do now hold that the board had no statutory or other authority to make the payment demanded. This fact must have been known to the plaintiff/appellant and the matter should not have been pursued by appeal to this Court and arguably could not be thus appealed consistently with the Litigation Accountability Act or without exposing the appellant to penalties and other action under Miss. Sup.Ct.R. 38 and 46(d). We sympathize with the plaintiff and his desire to be paid for his services, but it is not uncommon in the legal profession for the payment for legal services to be deferred until the final outcome of the litigation and until the em *1031 ployment of all available remedies for the enforcement of the judgment. At the time of the filing of the Complaint, and, indeed, at this time, it is not known with certainty whether the costs will be paid when the bill is issued. Until that time, the extent of the plaintiff’s problem will be unknown. In the meantime, the county has been put to the expense of defending the action and seeks sanctions against the plaintiff in the form of reasonable attorney’s fees and costs.
The plaintiff has incurred great expense in his perseverance in public service. The value of the plaintiff’s services as guardian ad litem is great, and we recognize his legitimate need for payment. Thus, while Plaintiff’s request is, at least, premature, we decline to impose sanctions against him. The guardian ad litem must indeed be compensated for his efforts, but this compensation is to be taxed as court cost. In re Newsom, 536 So.2d 1 (Miss.1988). Normal procedures for the collection of costs must be pursued. If they are not collected the guardian ad litem may consider any other remedies he deems appropriate.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN and PITTMAN, JJ., not participating.