WALLER, Justice, for the Court.
¶ 1. The Youth Court of Warren County ordered that the custody of a four-year-old girl be taken from her grandmother and be given to her mother. The guardian ad litem who was appointed to protect the child’s interests recommended that custody remain with the grandmother. The youth court failed to make a record of its consideration of the guardian ad litem’s recommendation. We find that the youth court erred in not addressing the guardian ad litem’s recommendation in its order, and we vacate and remand for further findings and a new custody order.

DISCUSSION

WHETHER THE YOUTH COURT COMMITTED REVERSIBLE ERROR WHEN IT IGNORED THE RECOMMENDATIONS OF THE GUARDIAN AD LITEM AND TWO MENTAL HEALTH PROFESSIONALS.
¶ 2. The grandmother claims that the youth court abused its discretion and committed manifest error by not recognizing the guardian ad litem’s contributions to the case and by failing to explain why it did not follow her recommendations. She further contends that the youth court did not consider parental termination as advised by the guardian ad litem. The guardian ad litem’s recommendations were as follows:
1. Permanent durable custody be given to the grandmother;
2. The mother should undergo comprehensive psychiatric evaluation;
3. The child should be enrolled in a daily learning program;
4. The grandfather and grandmother seek third party assistance in working together for the benefit of the child;
5. The mother should be allowed a flexible visitation schedule with the child;
6. The grandfather and his family should be allowed a flexible visitation schedule with the child;
7. If the grandmother becomes unable to care for the child, placement should be with M.C. or C. B.;
8. The mother should provide child support in the amount of 14% of her income; and
9. Termination of parental rights should be commenced against the mother.
In an updated report to the court and recommendation, the guardian ad litem recommended that adoption should be sought by the grandmother.
*183 ¶ 3. The recommendations of the guardian ad litem are an additional consideration to aid the judge in his decision. In S.N.C. v. J.R.D., 755 So.2d 1077, 1082 (Miss.2000), we held that there is no requirement that the youth court judge follow the recommendation of the guardian ad litem. The judge should earnestly consider the recommendation; however, ultimately, the decision is solely the youth court judge’s to make. Id.
¶ 4. Here, the youth court heard all of the testimony, including evidence from the mental health professionals, and concluded that it was in the child’s best interest to be returned to her mother.
¶ 5. The general rule is that when the court’s ruling “is contrary to the recommendation of a statutorily required guardian ad litem, the reasons for not adopting the guardian ad litem’s recommendation shall be stated by the court in the findings of fact and conclusions of law.” Id. at 1082 (emphasis added). Here, the youth court should include in its findings of facts and conclusions of law a summary of the guardian ad litem’s recommendations, whether the youth court agrees or disagrees with the guardian ad litem and why. Here, the youth court did not address the guardian ad litem’s recommendations while it obviously disagreed with them by its decision to return the child to the mother. Because the youth court did not discuss the guardian ad litem’s recommendations, its order must be vacated and this case remanded for further proceedings.

CONCLUSION

¶ 6. It would be premature to review the remainder of the youth court’s findings because we cannot make a complete factual and/or legal determination of . whether the youth court’s decision was correct unless we review its reasons for not following the guardian ad litem’s recommendation. Therefore, we vacate the youth court’s decision and remand with instructions to (1) make a record of its consideration of the guardian ad litem’s recommendations and (2) enter a new custody order.
¶ 7. VACATED AND REMANDED».
PITTMAN, C.J., McRAE AND SMITH, P.JJ., COBB AND CARLSON, JJ„ CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.