872 So.2d 655 (2004)
In the Interest of L.D.M., A Child.
No. 2002-CA-01458-SCT.
Supreme Court of Mississippi.
April 1, 2004.
Patricia Peterson Smith, attorney for appellant.
Marcie Tanner Southerland, attorney for appellee.
Before WALLER, P.J., COBB, P.J., and GRAVES, J.
WALLER, Presiding Justice, for the court.
¶ 1. Patricia Smith submitted her fee as guardian ad litem in this case, In re L.D.M., 848 So.2d 181 (Miss.2003), in the amount of $13,797.81 to the Youth Court of Warren County. The youth court approved payment totaling $4,000. Smith appeals, claiming that the youth court abused its discretion in not awarding her the entire fee. Finding that the youth court did not abuse its discretion, we affirm.

FACTS
¶ 2. On August 16, 2000, Smith was appointed guardian ad litem for L.D.M. in the case of In re L.D.M.[1] In September 2000, Smith presented her first bill for her work as guardian ad litem to the youth court. She was paid $1000 in October 2000. She alleges this was substantially less than the amount she submitted. She continued submitting her bill every month *656 but was never compensated. In June 2001, Smith filed a motion for payment of her fee as guardian ad litem. She asserted that she had prepared for and attended four hearings, performed in-depth investigations, and followed up on allegations made for or against the interested parties. Along with her motion, she attached a detailed statement of the hours spent representing L.D.M. Her statement showed that she had spent 125.60 hours representing L.D.M. at $75 per hour and had incurred out-of-pocket expenses of $37.94. She requested payment of $8,345.44.
¶ 3. Almost a year after Smith filed her motion for payment, the youth court entered an order approving payment for $3,000. It noted that for some reason the previous judge never took action to approve or disapprove payment of Smith's bills.[2] It found the amount Smith requested, now $13,787.81, was far above the amount paid for similar services, stating that although the bill was not unreasonable on its face, its reasonableness had to be measured by the type of cases and payments made in similar cases for similar services and that the court had not approved a guardian ad litem fee over $1,000 for a cause. It also noted that the normal fee paid was usually under $500 per hearing, and that, reviewing numerous docket entries in the county claims docket, it had normally paid between $200-$400 per case in cases that usually involved only one hearing or court appearance. The youth court found that Smith should be compensated in amounts consistent with the trial court's recent history, and that because Smith performed such an extensive job, she would be awarded $750 per hearing, totaling $3,000.
¶ 4. Smith filed a motion to reconsider, stating that there has not been a case in the youth court that required the amount of time as In re L.D.M. She also argued that the majority of attorneys in the area who serve as guardians ad litem were not certified to act as a guardians ad litem and that it is not reasonable to believe that their fees are relevant to the amount of her fee. She stated that she had worked over 200 hours on the case and that the youth court was essentially paying her $20 per hour.
¶ 5. The youth court once again denied Smith's motion, stating "it is well within the knowledge of the members of the Warren County Bar that billing documentation presented to certain Courts do [sic] not necessarily include all of the time counsel has spent working on a case, and lawyers bill only for `billable hours' or they limit their bills because the lawyer knows that a bill approaching $500 per hearing would be well in excess of what is typically and reasonably approved." The youth court also noted that there is a steady request from attorneys in the area that wish to do similar work at $100 to $500 per hearing. The court referenced two recent cases from the Warren County Chancery Court that were equivalent in scope and complexity to the present case where the chancellor approved a total of $2,000 in guardian ad litem fees. Aggrieved by the youth court's order, Smith appeals.

DISCUSSION

I. Whether the trial court erred when it refused to order reasonable attorney fees to the guardian ad litem?
*657 ¶ 6. Smith argues that the youth court erred by approving payment for only $4,000 of her $13,787.81 fee.[3] She contends that she put much more time into In re L.D.M. than other guardians ad litem in Warren County put into their cases, only two other guardians ad litem have worked more than five hours on a delinquency case, and that the court had no case to accurately compare with In re L.D.M. She argues that the court did not find her fees unreasonable, but only in excess of the amount normally paid to attorneys in Warren County, and that any comparison of the present case to cases from the Warren County Chancery Court is not supported by any evidence.
¶ 7. We review the grant or denial of attorney's fees under an abuse of discretion standard. Ladner v. Logan, 857 So.2d 764, 773 (Miss.2003). Miss.Code Ann. § 43-21-121(6) (Rev.2000) states that "[u]pon order of the youth court, the guardian ad litem shall be paid a reasonable fee as determined by the youth court judge or referee out of the county general fund as provided under Section 43-21-123. To be eligible for such fee, the guardian ad litem shall submit an accounting of the time spent in performance of his duties to the court." (emphasis added).
¶ 8. Smith states that guardians ad litem have an affirmative duty to zealously represent the child's best interest. M.J.S.H.S. v. Yalobusha County Dep't of Human Servs., 782 So.2d 737, 741 (Miss. 2001). She also cites language that a guardian ad litem is to be compensated for his or her efforts. See Miss. R. Civ. P. 17(d) ("In all cases in which a guardian ad litem is required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for his service rendered in such cause, to be taxed as a part of the cost in such action."); In re Newsom, 536 So.2d 1 (Miss.1988). However, she does not point to anything that indicates that the youth court's decision was unreasonable or that it abused its discretion as to the amount of compensation.
¶ 9. This Court has listed factors to be weighed when considering the proper amount of attorney fees to be awarded: (1) the relative ability of the parties; (2) the skill and standing of the attorney employed; (3) the nature of the case and novelty and difficulty of the questions at issue; (4) the degree of responsibility involved in the management of the case; (5) the time and labor required; (6) the usual and customary charge in the community; and (7) preclusion of other employment by the attorney due to the acceptance of the case." Lahmann v. Hallmon, 722 So.2d 614, 623 (Miss.1998) (citing McKee v. McKee, 418 So.2d 764, 767 (Miss.1982)).
¶ 10. Although the youth court did not mention the McKee factors, it is evident that factors three and six weigh heavily in favor of the trial court's decision. The youth court explained that the reasonableness of Smith's fee had to be based on the normal amount of compensation paid to guardians ad litem in the locality. It stated that other cases in the chancery court as complex as the present case only warranted $2,000 in fees, and that the normal fee paid to guardians ad litem is under $500 per hearing in cases that normally require only one hearing. It found that $500 per hearing is reasonable because there is a steady flow of lawyers willing to accept similar cases at that rate. The youth court then recognized the complexity of In re L.D.M. and awarded Smith a higher amount than what it considered reasonable for the usual case. It is clear that the court did not abuse its discretion *658 by refusing to order payment of the Smith's entire fee; its award of only $4,000 of Smith's fee was reasonable.

II. Whether the trial court's policy concerning the use and payments of attorneys and guardians ad litem is prejudicial and adverse to the best interest of the child, essentially depriving the child of due process?
¶ 11. Smith argues that by limiting the amount paid to guardians ad litem, the youth court is creating an environment where the effective assistance of counsel is systemically absent in violation of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). She argues that, since the youth court limits the amount of compensation a guardian ad litem can receive, there is no incentive to zealously advocate for the child.
¶ 12. Smith is barred from asserting this argument because Smith never raised this issue in the youth court. This Court has repeatedly stated that issues not brought before the trial court are barred from being argued on appeal. See Shaw v. Shaw, 603 So.2d 287, 292 (Miss.1992).

CONCLUSION
¶ 13. The Youth Court of Warren County did not abuse its discretion in its award of guardian ad litem fees. Therefore, we affirm its judgment.
¶ 14. AFFIRMED.
SMITH, C.J., COBB, P.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.
NOTES
[1] This Court vacated and remanded the youth court's order removing L.D.M. from the custody of her grandmother and awarding custody to the mother when the youth court did not state why it did not adopt the recommendations of the guardian ad litem. In re L.D.M., 848 So.2d at 182-83.
[2] Warren County Court Judge H. Gerald Hosemann initially presided over this case. However, Judge Hosemann was suspended from his duties by order of this Court on April 24, 2002, and Samuel D. Habeeb was appointed special judge on April 30, 2002.
[3] The only brief in the present case was filed by Smith.