SMITH, Chief Justice,
for the Court.
¶ 1. This is the second merits appeal in this case. In the first appeal this Court vacated and remanded the Warren County Youth Court’s decision with instructions to make findings consistent with this Court’s opinion. In re L.D.M., 848 So.2d 181, 183 (Miss.2003). On remand, Hon. Patricia D. Beckett, was specially appointed as Youth Court Judge to hear the case. Judge Beckett correctly found that the Youth Court lacked jurisdiction over this matter, so she appropriately and expeditiously transferred the case to the Warren County Chancery Court. This appeal followed.
FACTS AND PROCEEDINGS BELOW
¶ 2. On December 11, 1997, JMB filed a Petition for Adjudication alleging that she was unable to care for her 10-month-old child, LDM, who needed supervision. She requested that temporary custody be given to the child’s great grandmother, LAM. An order was entered that same day granting custody of the child to LAM, the child’s great grandmother.
¶ 3. Almost two years later, on September 9, 1999, JMB requested and received a temporary order for visitation. On January 12, 2000, the Youth Court entered a temporary order granting dúrable legal custody to LAM, which the court would reconsider after JMB took parenting classes, to be completed within six months. On July 31, 2000, JMB filed a motion to restore custody. Patricia Peterson Smith was appointed guardian ad litem shortly thereafter, and filed an Evaluation and Recommendation report with the court, recommending that LAM be given permanent custody of the child.
¶ 4. On June 13, 2001, the Youth Court ordered that the child be returned to her mother, JMB, and LAM appealed to this Court. This Court vacated the Youth Court order and remanded the case to the Youth Court. This Court stated in its opinion to remand the case that,
It would be premature to review the remainder of the youth court’s findings because we cannot make a complete factual and/or legal determination of whether the youth court’s decision was correct unless we review its reasons for not following the guardian ad litem’s recommendation. Therefore, we vacate the youth court’s decision and remand with instructions to (1) make a record of its consideration of the guardian ad li-tem’s recommendations and (2) enter a new custody order.
In re L.D.M., 848 So.2d at 183.
¶ 5. On remand, the judge who had originally heard the ease had not been reelect *524 ed and because his successor was the former County Attorney, Hon. Patricia D. Beckett was appointed specially to hear the case. On October 16, 2003, the judge ruled that the court did not have jurisdiction over the matter and transferred the entire case to the chancery court.
¶ 6. By the time this matter was remanded and ruled on by the Youth Court Judge in October of 2003, LDM had been placed in the physical custody of her maternal grandmother, CB.[1] LDM had been living in CB’s household since February of 2003. JMB had signed an affidavit for voluntary relinquishment of parental rights in connection with an adoption proceeding, in the 307th District Court in and for Gregg County, Texas, in which CB and her husband were trying to adopt the child. However, LAM intervened in the adoption proceeding and the District Court of Gregg County, Texas, entered an Order of Dismissal of the Original Petition to Terminate Parent-Child Relationship and of the Original Petition for Adoption of Grandchild filed by CB and her family.[2]
ANALYSIS
¶ 7. In this case, the Youth Court’s jurisdiction was purportedly established since the child was alleged to be a “child in need of supervision” because the mother was unable to provide appropriate care. However, since a 10-month-old child does not meet the definition of a child in need of supervision as set forth in Miss.Code Ann. § 43-21-105(k) (Rev.2004) of the Mississippi Youth Court Act, the Youth Court did not have jurisdiction over this case. The issue in this case is not one that falls under the purview of the Youth Court Act, but instead, is a child custody dispute that should be heard and disposed of in chan-eery court. Accordingly, the trial judge could not feasibly consider and implement the remand instructions that are only applicable to a court which has proper jurisdiction over a matter.
¶8. In her Petition for Adjudication, JMB alleged that LDM was a child in need of supervision. This assertion was the basis upon which Youth Court jurisdiction was averred. The Order transferring the case to Chancery Court reads in pertinent part as follows:
The Petition for Adjudication was filed on December 11, 1997, by the mother ... alleging that the minor child, LDM, was a child in need of supervision. Under the provisions of the Mississippi Youth Court Act § 43-21-105(k), a child in need of supervision is defined as:
* * *
a child who has reached his seventh birthday and is in need of treatment or rehabilitation because the child:
i) Is habitually disobedient of reasonable and lawful commands of his parent, guardian or custodian and is ungovernable, or
ii) While being required to attend school, willfully and habitually violates the rules there-of or willfully and habitually absents himself therefrom or in) Runs away from home without good cause, or
iv) Has committed a delinquent act or acts.
At the time of the filing of the Petition, the minor child, LDM, was less than 1 year old ... there were no allegations of neglect or abuse of said child; therefore the minor child did not come within the *525 jurisdiction of the Warren County Youth Court.
Plainly, LDM does not meet the first statutory element of a child in need of supervision, which mandates that the child must have reached his seventh birthday and be in need of treatment or rehabilitation. Miss.Code Ann. § 43-21-105(k).
¶ 9. Furthermore, LDM could not be considered a neglected child. Although the mother, by her own admission, was unable to care for LDM, she did place LDM in the temporary custody of LAM, LDM’s great grandmother. Therefore, LDM was not a neglected child. Any allegations regarding the mother’s neglect are moot because LDM is no longer in the care of her mother. Hence, as previously mentioned, the true issue in this case is custody, not neglect. Accordingly, disputes involving child custody fall directly within the jurisdiction of the chancery court.
¶ 10. The equity powers of the chancery court recognized by Constitution, Miss. Const, art. 6, § 159, and statute, Miss.Code Ann. § 9-5-81 (Rev.2002), included jurisdiction over infants and the right and duty to protect their interests and welfare by decreeing their custody. Davis v. Davis, 194 Miss. 343, 12 So.2d 435 (1943). Similarly, under Mississippi law, the chancery court has continuous and exclusive jurisdiction over custody proceedings. Helmert v. Biffany, 842 So.2d 1287, 1291 (Miss.2003) (citing Ladner v. Ladner, 206 So.2d 620, 624-25 (Miss.1968)). The chancery court has jurisdiction because LDM was never alleged to be or adjudicated a neglected child.
¶ 11. This Court will not go beyond the plain meaning of the Petition for Adjudication and interpret it so that this case will fall under the jurisdiction of the Youth Court. To do so would simply be improper and would undermine the purpose of petitions. The petition in this case plainly claims that LDM is a child in need of supervision, not a neglected child. Since LDM cannot meet any of the elements required by statute for a child in need of supervision, jurisdiction is not proper in the Youth Court.
¶ 12. Our holding here is not contrary to K.M.K. v. S.L.M. ex rel. J.H., 775 So.2d 115 (Miss.2000). There we held that a “county court sitting as youth court, could properly exercise jurisdiction over termination of parental rights proceeding and had priority of jurisdiction over chancery court.” Id. We further held that “a chancery court may not exercise jurisdiction over any abused or neglected child or any proceeding pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning that same child.” Id. at 118 (emphasis added). Here LDM was not alleged to be abused or neglected. Therefore, the rule of K.M.K. does not apply.
CONCLUSION
¶ 13. The Warren County Youth Court did not err by transferring this case to the Warren County Chancery Court, which is the proper court to exercise jurisdiction over a dispute involving child custody matters. Therefore, we affirm that transfer order.
¶ 14. AFFIRMED.
WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.

. CB is the grandmother of the child and the mother of JMB. CB is LAM's daughter.

. The Order of Dismissal was dated July 28, 2003. This was before the Youth Court Judge transferred the case to Chancery Court.