IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of a custody dispute between James Edgar Robertson III (Trey) and Emily Paige Roberts (Emily), the natural parents of James Parker Robertson (Parker). The Lowndes County Chancery Court granted Emily’s petition to modify visitation and denied Trey’s counterpetition for sole custody of Parker. Feeling aggrieved, Trey appeals and argues that the chancery court erred in not granting his request for sole legal and physical custody.
¶ 2. Finding no error, we affirm.
FACTS
¶ 8. Trey and Emily were never married, and Parker is their only child together. On November 18, 2008, the chancery court granted Emily sole legal and physical custody of Parker subject to Trey’s visitation. On July 9, 2010, Emily filed a petition to modify Trey’s visitation schedule. Emily claimed that her impending move to New Mexico would make the current visitation schedule unworkable. In response, Trey filed a counterpetition for modification of custody, requesting sole legal and physical custody of Parker.
¶ 4. At the modification hearing, Emily testified that her relationship with Trey was “not a very good one.” In May 2009, Emily met United States Air Force Lieutenant Michael Mattingly while he was attending training in Columbus, Mississippi. When the Air Force transferred Lieutenant Mattingly to New Mexico in November 2009, the couple began to discuss marriage. On May 28, 2010, Emily and Lieutenant Mattingly were married. Emily testified that Lieutenant Mattingly and Parker had a great relationship. Additionally, Emily stated that because Parker was only four years old, he did not have a significant connection to Mississippi, other than his relationship with Trey’s family.
¶ 5. Trey testified that he had a very close family and that everyone lived within five miles of his home. He explained that he and Parker shared a special bond and that Parker also shared a close relationship with his family. Trey claimed that if the court gave him full custody of Parker, he would ensure that Emily’s local family members were involved in Parker’s life. Trey believed that Parker’s moving to New Mexico would adversely effect Parker because he would be moving away from “everybody he’s ever known.” According to Trey, a military lifestyle would be detrimental to Parker because it would involve constantly moving around the country. Trey claimed that Parker would never be-able to establish and maintain friendships and that he would never have a “normal childhood.”
*729 ¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. An appellate court will not disturb a chancery court’s findings unless they are “manifestly wrong, clearly erroneous[,] or an erroneous legal standard was applied.” White v. White, 26 So.3d 342, 346 (¶ 10) (Miss.2010) (quoting R.K. v. J.K., 946 So.2d 764, 772 (¶ 17) (Miss.2007)). Trey argues that because he and Emily shared de facto joint physical custody, Emily’s impending move to New Mexico constitutes a material change in circumstances sufficient to warrant a change in custody. We disagree.
¶ 8. First, Emily and Trey did not have an arrangement that gave Trey de facto joint physical custody. The custody order provided that Emily “shall have the legal and physical custody of Parker[,] subject to the visitation ordered for [Trey].” Trey’s visitation schedule was as follows:
Every other weekend, ... from the child being released from [d]aycare on Friday afternoon until the child being returned to [d]aycare on the following Monday morning.
On Wednesday of each week, commencing when the child is released from [d]aycare and being returned to [d]ay-care on the following Thursday morning.
The court also granted Trey visitation on various holidays and birthdays. There is no evidence that Trey exercised more visitation with Parker than the chancery court granted to him. Thus, there is no evidence that Trey and Emily shared de facto joint physical custody. Even if Trey and Emily had an agreement that allowed Trey to spend more time with Parker, that agreement would not be superior to the court-ordered custody arrangement.
¶ 9. Secondly, the chancery court did not err in refusing to modify custody. The standard for modifying child custody requires the non-custodial parent to prove that “(1) there has been a substantial change in circumstances affecting the child; (2) the change adversely affects the child’s welfare; and (3) a change in custody is in the best interest of the child.” White, 26 So.3d at 349 (¶ 19) (quoting Johnson v. Gray, 859 So.2d 1006, 1013 (¶ 33) (Miss.2003)). In determining whether there has been a material change in circumstances, the chancery court must examine the totality of the circumstances. Id. It is well settled that the relocation of a parent alone does not automatically create a material change in circumstances sufficient to warrant modification of child custody. Lambert v. Lambert, 872 So.2d 679, 685 (¶ 24) (Miss.Ct.App.2003).
¶ 10. Trey argues that Emily’s move to New Mexico constitutes a material change in circumstances adverse to Parker’s welfare and that granting Trey sole physical and legal custody is in Parker’s best interest. However, Trey’s only basis for seeking modification of custody is Emily’s relocation to New Mexico. As previously stated, Emily’s relocation alone does not constitute a material change in circumstances. Accordingly, the chancery court did not err in refusing to modify custody. While it cannot be denied that Emily’s move effectively ends Trey’s mid-week visitation with Parker, the curtailment of Trey’s visitation rights is “legally irrelevant to the matter of permanent custody.” Id. at 685 (¶ 23) (quoting Spain v. Holland, 483 So.2d 318, 321 (Miss.1986)).
¶ 11. Furthermore, as the proponent of the motion to modify custody, Trey was required to show that Emily’s behavior, namely her move to New Mexico, had an adverse effect upon Parker. Trey failed to *730 carry this burden. He could only speculate that a “military lifestyle” would mean that Parker “wouldn’t know what it’s like to have a normal childhood.” There was no evidence that Parker would suffer from the move to New Mexico with Emily. As such, this issue is without merit.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.