LAMAR, Justice,
for the Court:
¶ 1. The County Court of Jackson County, sitting as Youth Court (‘Youth Court”), exercised jurisdiction over two minors following allegations of abuse and neglect. The foster parents of the two minor children subsequently filed adoption proceedings in the Lincoln County Chancery Court (“Chancery Court”). The Mississippi Department of Human Services (“MDHS”) sought interlocutory appeal after unsuccessfully challenging the chancery court’s jurisdiction to consider the adoption proceedings. We find that the Chancery Court has jurisdiction over the adoption proceedings and affirm the judgment of the Chancery Court.
FACTS AND PROCEDURAL HISTORY
¶ 2. The Jackson County Department of Human Services took minors A.B. and B.H. into custody due to neglect by the children’s mother. At that time, the minors’ father, Frank Hartley, was incarcerated in Florida.[1] The Youth Court ultimately placed the children with foster parents. Due to a shortage of foster homes in Jackson County, the children were placed with Lenita and John Watts, who serve as foster parents in Lincoln County.
¶ 3. MDHS subsequently began proceedings to terminate the parental rights of both parents in Youth Court. But, Hárt-ley, having been released from prison, sought custody of the children or, alternatively, a plan for reunification with the children, and the Youth Court ultimately dismissed the motion for termination of Hartley’s parental rights.[2] The Youth Court entered an order allowing Hartley to take the children to his home in Pennsylvania, under the supervision of the Pennsylvania courts, and MDHS informed the Wattses they would have to surrender the children for unsupervised overnight visitation with Hartley. The Wattses had no notice of the hearing on Hartley’s custody in the Youth Court, and they were not present at the hearing.[3]
¶4. The Wattses filed a Petition for Termination of Parental Rights, Adoption, or in the Alternative Custody, and for Other Relief in the Chancery Court of Lincoln County, where the children and the Wattses resided.[4] Additionally, the Wattses requested a temporary restraining order (TRO) prohibiting Hartley from taking custody of the children.
¶ 5. The Chancery Court heard oral argument on the Wattses’ request for a *1058 TRO. MDHS opposed the Wattses’ petition, arguing, among other things, that the Chancery Court lacked jurisdiction, because the Youth Court had exclusive jurisdiction over all proceedings related to the children due to the ongoing abuse and neglect proceedings in that court. The Chancery Court found that it did have jurisdiction over the adoption proceeding.
¶ 6. After the Chancery Court’s decision retaining jurisdiction, the parties entered into an Agreed Order of Temporary In-junctive Relief (“Agreed Order”).[5] MDHS sought interlocutory appeal on the jurisdictional issue, which we granted, leaving the Agreed Order in effect pending this appeal. The sole issue before us is whether the Lincoln County Chancery Court has jurisdiction over the adoption proceedings involving children who are simultaneously the subject of abuse and neglect proceedings in the Youth Court.[6]
DISCUSSION
I. STANDARD OF REVIEW
¶ 7. The question of whether the chancery court has jurisdiction to hear a particular matter is a question of law which this Court reviews de novo.”[7]
II. LEGAL ANALYSIS
¶ 8. The Mississippi Constitution gives chancery courts “full jurisdiction [over] ... minor’s business.”[8] The Mississippi Legislature gives youth courts “exclusive original jurisdiction” over “all proceedings” involving abused and neglected children.[9] But “the chancery court’s jurisdiction ... set by the Mississippi Constitution ... cannot be diminished by statute.” [10]
¶ 9. MDHS argues that the Youth Court has exclusive original jurisdiction, to the exclusion of all other courts, over these two children in all proceedings because of the ongoing proceedings in Youth Court involving their abuse and neglect. MDHS relies primarily upon this Court’s decision in K.M.K. v. S.L.M, 775 So.2d 115 (Miss.2000), to support its position. In K.M.K., a minor was placed in the custody of foster parents by the County Court of Hinds *1059 County, sitting as Youth Court.[11] Approximately six months later, the foster parents filed a petition for termination of parental rights in the Chancery Court of Hinds County.[12] The natural mother filed an emergency motion to dismiss the chancery court petition, arguing that the youth court had “taken jurisdiction of the matter and had already entered an order granting [her] specific visitation rights.”[13]
¶ 10. On interlocutory appeal, we held that “a chancery court may not exercise jurisdiction over any abused or neglected child or any proceedings pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning that same child.” [14] However, in K.M.K., we specifically limited our holding “to questions of priority jurisdiction in counties that have a county court sitting as a youth court in addition to a chancery court.[15] We further noted “there are some matters concerning abused and neglected children over which the youth court has no jurisdiction.”[16] Thus, MDHS’s reliance on K.M.K. is misplaced. Jurisdiction to hear and determine adoption proceedings is vested exclusively in our chancery courts.[17]
¶ 11. MDHS also argues that the children were not “ripe” for adoption because the Youth Court had not yet terminated the natural parents’ rights. Although a youth court may terminate a parent’s rights under Mississippi Code Section 93-15-103 outside of an adoption proceeding, an adoption petition frequently includes an incidental termination of parental rights. Furthermore, as the Chancery Court recognized, two statutory schemes govern termination of parental rights. Mississippi Code Section 93-15-103 provides a finite list of specific factors that are to be considered in a proceeding to terminate parental rights. Mississippi Code Section 93-17-7 provides a more expansive list of factors that may be considered as reasons to terminate parental rights in the course of a contested adoption. Mississippi Code Section 93-17-13 additionally directs a chancellor granting an adoption over an objecting parent to include the language that “all parental rights of the natural parent, or parents, shall be terminated” in the final judgment of adoption.
¶ 12. Clearly, a chancellor has authority to terminate the rights of natural parents to enter a judgment of adoption, and is allowed to consider a more expansive list of factors in a contested adoption proceeding than the finite reasons that may considered in a proceeding to terminate parental rights. We find nothing that would require a chancery court to hold in abeyance its exclusive jurisdiction over an adoption petition until a youth court first terminates the rights of the natural parents. Therefore, we find that the Chancery Court may exercise its exclusive jurisdiction over these adoption proceedings even though the Youth Court has not yet terminated the rights of the parents.
¶ 13. We also have held that a chancery court may properly exercise jurisdiction over an adoption proceeding, even though *1060 a youth court has awarded custody of the child to another relative, because an adoption proceeding is a different subject matter from a custody ruling.[18] In In re Beggiani, foster parents petitioned for adoption of their foster child in Hinds County Chancery Court, where they resided, although the Youth Court of Carroll County had established jurisdiction over the minor due to neglect.[19] The child’s mother already had surrendered her rights and consented to adoption; however, the maternal grandmother opposed the adoption and sought custody of the child in youth court.[20] The youth court granted custody to the grandmother in October 1986, and the chancery court granted the foster parents’ petition for adoption in March 1987; both parties appealed.[21]
¶ 14. This Court recognized the “well established rule ... that where two (2) suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit.”[22] However, for the “priority of jurisdiction” rule to apply, “there must, of necessity, be a determination that both actions involved the same controversy, the same remedy, and that such related to the same question.”[23] We concluded that, although the youth court retained jurisdiction for “the offense and purpose of the ‘neglected or abused’ subject matter,” this did not “act to exclude the adoption proceeding in the Hinds County Chancery Court which made up a different subject matter.”[24] We further recognized that:
[Ajdoption proceedings are entirely separate and distinct statutory proceedings neither connected to nor controlled by prior custody awards of another court. Lewison v. State, 193 So.2d 53 (Fla.Dist.Ct.App. 1966). Even though a juvenile court may have obtained and retained jurisdiction over a custody case by an initial adjudication of dependency and a custody award, jurisdiction of another court in a subsequent adoption proceeding is unaffected, and the juvenile court could not act so as to thwart the adoption proceeding.[25]
We ultimately held that the chancery court acted properly in assuming jurisdiction over the adoption and reversed the decision of the youth court in part because “an adoption is superior to a custody award.”[26]
¶ 15. The dissent acknowledges the difficulty of these types of cases, but finds that “sound judicial administration and economy” mandate that the chancery courts should not involve themselves in these types of disputes.[27] With all due respect, we are more persuaded that the dictates of our Constitution, our own case-law, and the best interests of these two children say otherwise. The Wattses are seeking to adopt the children, and it is undisputed that the chancery courts have exclusive jurisdiction over adoptions. The statutes which bestow jurisdictional powers on the Youth Court do not diminish the *1061 Chancery Court’s jurisdictional authority granted by our Constitution. Therefore, even though the Youth Court properly exercised jurisdiction over proceedings related to these abused and neglected minors, its jurisdiction did not extend to the Wattses’ petition for adoption, and the Youth Court may not exercise its jurisdiction in a manner “so as to thwart the adoption proceedings.”[28] We find that the Chancery Court properly exercised its jurisdiction over the adoption proceedings and we further order that the Lincoln County Chancery Court has jurisdiction over the custody and placement of the children until the adoption proceedings are concluded.
CONCLUSION
¶ 16. We hold that chancery courts have exclusive jurisdiction over adoptions and may exercise such jurisdiction, even if a youth court has established jurisdiction over the minor due to abuse and neglect, and even if a youth court already has awarded custody to someone other than the adoption petitioner. The order of the Lincoln County Chancery Court is affirmed, and this case is remanded to the Chancery Court of Lincoln County for further proceedings consistent with this opinion.
¶ 17. AFFIRMED AND REMANDED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND KING, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION. PIERCE, J., NOT PARTICIPATING.

. Hartley was convicted of committing lewd and lascivious acts on a minor between the ages of twelve and sixteen.

. The record of the Youth Court proceedings is not before this Court. It is unclear whether the Youth Court ever dealt with the merits of the petition to terminate Hartley’s parental rights. Also, it appears the proceeding to terminate the mother’s parental rights is still pending in the Youth Court. The dissent expresses concerns about "res judicata” and “conflicting orders” between the two courts. However, these issues are not before this Court and are potential issues that the chancellor acknowledged in his order. Nothing in this opinion should be read to preclude such issues being raised in the lower court. We rule today only upon the jurisdiction of the Chancery Court to proceed.

. See Miss.Code Ann. § 43-15-13(9) (Rev. 2009).

. It is undisputed the Wattses lived in Lincoln County when they filed their petition on October 10, 2011, and that the children lived with the Wattses in Lincoln County from December 14, 2009, until the Wattses filed their petition.

. In the Agreed Order, the Chancery Court found it had subject matter and party jurisdiction, but that MDHS and Hartley reserved all objections to jurisdiction; that the minor children were to be placed with MDHS, but not allowed to be removed from Mississippi; that all nonphysical contact between the children and Hartley would be monitored; and that the Chancery Court would appoint a guardian ad litem (GAD), who would supervise any physical contact between the children and Hartley if the GAD chose to do so.

. Following oral arguments, we requested additional briefing from the parties on the question of whether the statutory grant of "exclusive original jurisdiction” to youth courts over "all proceedings” concerning abused and neglected children impermissibly encroaches upon the chancery courts' constitutionally granted "full jurisdiction” over "minor’s business.” After thorough study, we find it unnecessary to answer this question in order to decide this case, and we leave it for determination on another day.

. White v. White, 26 So.3d 342, 346 (Miss.2010) (citing In re Guardianship of Z.J., 804 So.2d 1009, 1011 (Miss.2002); Burch v. Land Partners, L.P., 784 So.2d 925, 927 (Miss.2001)).

. Miss. Const. art. 6, § 159 (1890).

. See Mississippi Code Section 43-21-151, which reads as follows: "(1) The youth court shall have exclusive original jurisdiction in all proceedings involving a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependant child, except in the following circumstances None of the enumerated excepted circumstances is present herein.

. White v. White, 26 So.3d at 347.

. K.M.K., 775 So.2d at 116.

. Id.

. Id. at 117.

. Id. at 118.

. Id.

. Id. at n. 1 (citing Miss.Code Ann. § 93-17-3 (1994) (adoption proceedings must be filed in chancery court)) (emphasis added).

. See Miss.Code Ann. § 93-17-3(4) (Rev. 2004) (adoption proceedings must be filed in chancery court).

. In re Beggiani, 519 So.2d 1208 (Miss.1988).

. Id. at 1209.

. Id.

. Id.

.Id. at 1210 (citations omitted).

. Id.

. Id. at 1211.

. Id. (citation omitted).

. Id. at 1213-14.

. Diss. Op. at ¶ 27.

. Beggiani, 519 So.2d at 1211.